MEMORANDUM ***
Vicki Webber appeals the district court’s judgment affirming the denial of her application for Social Security disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and review de novo the district court’s judgment. -See, e.g., Ryan v. Comm’r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir.2008). “The Social Security Administration’s disability determination should be upheld unless it is based on legal error or is not supported by substantial evidence.” Id.; see also 42 U.S.C. § 405(g). We reverse the district court and remand for further proceedings consistent with this decision.
Webber claims the ALJ erred in rejecting her subjective-symptom testimony. We agree. Once an applicant has established the existence of an impairment that could reasonably be expected to cause some degree of symptom, an ALJ may reject an applicant’s subjective symptom testimony only by providing “specific, clear and convincing reasons” for doing so. Smolen v. Chater, 80 F.3d 1273, 1281-84 (9th Cir.1996). The ALJ’s proffered reasons are not clear and convincing.
The ALJ relied on the lack of objective medical evidence, Webber’s reported daily activities, infrequent office visits and failure to follow recommended treatment. Although reliance on reported daily activities is permissible, the ALJ failed to explain how Webber’s very limited domestic activities, primarily caring for her minor disabled son, were transferable to the workplace. See Smolen v. Chater, 80 F.3d 1273, 1284 n. 7 (9th Cir.1996) (“many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication”) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989)). Reliance on unexplained, or inadequately explained failures to seek or follow treatment is also permissible. However, the ALJ erred in this case by ignoring the explanations proffered by Webber and her treating physician, Dr. Kirsten. See Flaten v. Sec’y of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir.1995). As the ALJ’s negative credibility determination may not stand exclusively upon a lack of objective medical evidence, see Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.1997), we must credit Webber’s testimony.
Webber also claims that the ALJ erred in rejecting the opinion of her treating physician Dr. Kirsten. We agree. See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir.2007) (an ALJ may not reject the opinion of a treating physician “without providing ‘specific and legitimate reasons’ supported by substantial evidence in the record”); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.1995). Dr. Kirsten was the only physician to examine Webber and render a medical opinion. The ALJ rejected Dr. Kirsten’s opinion because of *314 gaps between office visits, purported inconsistencies with other evidence of record, and Dr. Kirsten’s reliance on Webber’s subjective report of her limitations. First, as noted supra, the ALJ’s reliance on Webber’s infrequent office visits and failure to follow recommended treatment without examining the explanations proffered by Dr. Kirsten and Webber was error. Second, the rejection of Dr. Kirsten’s opinion for its reliance on Webber’s subjective complaints fails because, as discussed supra, the subjective complaints themselves were improperly rejected. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001) (medical opinion based on subjective complaints can be properly rejected where the subjective complaints themselves have been refuted). Third, the purported inconsistencies noted by the ALJ are unsupported by the record in this case. Accordingly, Dr. Kirsten’s opinion must be given credit as a matter of law. Lester, 81 F.3d at 834.
Webber also argues the ALJ improperly disregarded her husband’s testimony after finding him generally credible. We agree. Family members in a position to observe a claimant’s symptoms and activities are competent to testify as to the claimant’s condition. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993). An ALJ must give reasons for disregarding testimony from a competent lay witness. Id. at 919; Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir.1996). The ALJ did not give the husband’s testimony separate treatment, rejecting it apparently for the reasons given for rejecting Webber’s testimony. The analysis used to discredit Webber was rejected supra, and we have found no other reason to reject the husband’s lay testimony. Accordingly, it too should be credited.
We decline comment on Webber’s allegation regarding the vocational grids as the issue is moot in light of the rest of this memorandum. On remand, the ALJ should reevaluate Webber’s residual functional capacity, fully crediting Dr. Kirsten’s opinion and the testimony of Webber and her husband. See Moisa v. Barnhart, 367 F.3d 882, 886-87 (9th Cir.2004) (“the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation”) (quoting INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)).
For the reasons stated above, we REVERSE and REMAND for further proceedings consistent with this decision.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.